IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CASSANO,<br><br>        Plaintiff,<br><br>   vs.<br><br>ROBERT WLODOREZY; JOHN SCHARTZ,<br><br>        Defendant.<br>_____/ | Nos.   C 14-1368 WHA (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR PROVIDE LOCATION OF DEFENDANTS** |

Plaintiff, a California prisoner proceeding pro se, filed pro se civil rights complaint under 42 U.S.C. 1983.  He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, it has been found to state cognizable claims for relief. Plaintiff is directed to submit the addresses of defendants to allow the United States Marshal to serve process.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

Plaintiff alleges that defendant Dr. Wlodorezy, a surgeon under contract to provide medical care for inmates in the California prisons, implanted a "rod" and large pacemaker into plaintiff's chest. In April 2013, plaintiff collapsed, his heart stopped, and according to plaintiff, he "died" and then "came back." He further alleges that Dr. Schartz is another surgeon under contract with the California prisons, and he implanted a replacement device called an implantable cardioverter defibrillator ("ICD") in the same place where the pacemaker and rod had been. According to plaintiff, this caused the ICD to malfunction and cause him pain. He alleges that he now needs to have the ICD replaced by another ICD on the other side of his chest. When liberally construed, plaintiff's allegations are sufficient to state a cognizable claim for the violation of his Eighth Amendment right to be free from deliberate indifference to his serious medical needs.

Based on such a finding, the United States Marshal can be ordered to serve the summons and complaint upon defendants. However, plaintiff has not provided their location except to say that they are located in Monterey County. In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal,

2

upon order of the court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Accordingly, plaintiff must submit the address of the defendants or sufficient information to locate them such that the Marshal can effect service of process upon them. Alternatively, plaintiff may serve defendants himself. <u>If plaintiff fails to do so, or to show cause why he cannot, within **35 days** of the date this order is filed, the complaint will be dismissed without prejudice.</u>

IT IS SO ORDERED.

Dated: April   1  , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3