United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  GARY CASSANO,                              Nos.    C 14-1368 WHA (PR)

12          Plaintiff,                         **ORDER DENYING MOTIONS TO
                                               DISMISS, FOR APPOINTMENT OF**
13      vs.                                    **COUNSEL, FOR LEAVE TO HAVE
                                               OTHER INMATE FILE ON BEHALF**
14  ROBERT WLADAREZYK; JOHN                    **OF PLAINTIFF**
    SCHATZ,
15
            Defendant.                         (Docket Nos. 10, 15, 18, 23)
16
    _____/
17

18                          **INTRODUCTION**

19          Plaintiff, a California prisoner at Donovan Correctional Facility, filed this pro se civil

20  rights action under 42 U.S.C. 1983 complaining that two doctors, defendants Wlodarczyk and

21  Schatz, did not provide adequate medical care while he was at Soledad State Prison.

22  Defendants have each filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

23  plaintiff has filed a separate opposition to each motion, and defendants have filed separate reply

24  briefs.  For the reasons discussed below, the motions to dismiss are **DENIED**.

25                            **ANALYSIS**

26  A.      **STANDARD OF REVIEW**

27          Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal

28  Rules of Civil Procedure.  Dismissal for failure to state a claim is a ruling on a question of law.

*Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S.

2

**United States District Court**
For the Northern District of California

1    at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Allegations of fact in the

2    complaint must be taken as true and construed in the light most favorable to the non-moving

3    party.  *Symington*, 51 F.3d at 1484.

4    **B.    DEFENDANTS' CONTENTIONS**

5           Defendants argue that plaintiff has failed to exhaust his administrative remedies.  The

6    Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect

7    to prison conditions under [42 U.S.C.  1983], or any other Federal law, by a prisoner confined

8    in any jail, prison, or other correctional facility until such administrative remedies as are

9    available are exhausted."  42 U.S.C. 1997e(a).  Compliance with the exhaustion requirement is

10   mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-

11   40 & n.5 (2001).  The administrative remedies need not meet federal standards, nor need they

12   be "plain, speedy and effective."  *Porter*, 534 U.S. at 524.

13          California provides its inmates and parolees the right to appeal administratively "any

14   departmental decision, action, condition or policy perceived by those individuals as adversely

15   affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available

16   administrative remedies within this system, a prisoner must proceed through several levels of

17   appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3)

18   second level appeal to the institution head or designee, and (4) third level appeal to the Director

19   of the California Department of Corrections.  *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235,

20   1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under

21   § 1997e(a).  *Id.* at 1237-38.

22          Exhaustion must ordinarily be decided in a summary judgment motion, although in the

23   "rare" event that a failure to exhaust is clear on the face of the complaint, a defendant may

24   move for dismissal under Rule 12(b)(6).  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014)

25   (en banc).

26          Plaintiff states in this complaint that he has not pursued his available administrative

27   remedies on his claim (Compl. 6).  He does not address the exhaustion issue or dispute his lack

28

United States District Court

For the Northern District of California

1    of exhaustion in his oppositions, but in the complaint he states that any administrative grievance

2    would now be untimely and he cannot obtain money damages via an administrative remedy

3    (*ibid.*).  The unavailability of money damages does not excuse the obligation to exhaust, *see*

4    *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010),

5    but the untimeliness of any administrative grievance at this point in time may do so.  The

6    obligation to exhaust persists as long as some remedy is available; when that is no longer the

7    case, the prisoner need not further pursue the grievance.  *Brown v. Valoff*, 422 F.3d 926, 934-35

8    (9th Cir. 2005).  "To be available, a remedy must be available as a practical matter; it must be

9    capable of use; at hand."  *Albino*, 747 F.3d at 1171 (citation and internal quotation marks

10   omitted).  The Ninth Circuit has held that an inmate had no need to exhaust further levels of

11   review after his appeal was rejected at the first formal level as untimely.  *Marella v. Terhune*,

12   568 F.3d 1024, 1026 (9th Cir. 2009).  But if the inmate had a full opportunity and ability to file

13   a timely grievance but did not do so, he has not properly exhausted his administrative remedies.

14   *Id.* at 1028 (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

15          It cannot be discerned from the face of the complaint, and defendants do not address,

16   whether or not plaintiff still has some administrative remedy available to him, or whether or not

17   an administrative grievance would be untimely at this point in time and, if so, whether or not

18   plaintiff had a full opportunity and ability to file a timely grievance but did not do so.  As a

19   result, it is not clear from the face of the complaint whether or not plaintiff has failed to satisfy

20   his obligation to exhaust his administrative remedies or whether that obligation must be excused

21   under *Albino* and *Marella*.  Accordingly, under *Albino*, the case cannot be dismissed under Rule

22   12(b)(6) on exhaustion grounds, but defendants may renew this argument in a summary

23   judgment motion.  *See Albino*, 747 F.3d at 1166 (9th Cir. 2014) (en banc) (if failure to exhaust

24   is not clear on the face of the complaint, defendants must produce evidence proving failure to

25   exhaust in a motion for summary judgment under Rule 56).

26          Defendants also argue that plaintiff does not state a cognizable claim for relief because

27   the allegations in the complaint do not rise to the level of an Eighth Amendment violation.

28

4

**United States District Court**

For the Northern District of California

1    When the complaint was reviewed under 28 U.S.C. 1915A(a), the allegations were found

2    sufficient, when liberally construed, to state a cognizable claim that defendants were

3    deliberately indifferent to plaintiff's serious medical needs in violation of his Eighth

4    Amendment rights (Order, dkt. 6).  Defendants argue that plaintiff's allegations, if true, amount

5    to no more than mere negligence.  Defendant Schatz argues that plaintiff has not alleged his

6    subjective awareness of any ongoing needs of plaintiff.  At this stage of the proceeding,

7    plaintiff's allegations must all be accepted as true and liberally construed and all inferences

8    from his allegations must be drawn in his favor.  Defendants' subjective awareness could be

9    inferred from plaintiff's allegations about their faulty care when those allegations are liberally

10   construed in plaintiff's favor.  Accordingly, defendants' motions present no grounds for altering

11   the previous conclusion in this case that plaintiff has stated a cognizable Eighth Amendment

12   claim against them.

13          Defendant Schatz also argues that plaintiff's request for an injunction not to be

14   medically treated by defendants in the future is now moot.  Schatz asserts that will not treat

15   plaintiff again without his consent, because of this lawsuit, and because plaintiff moved to a

16   different facility and is under the care of different physicians.  While it is clear from the face of

17   the complaint that plaintiff has moved, is being cared for by new doctors, and is suing Schatz,

18   the complaint does not establish that this means that Dr. Schatz will never treat plaintiff again.

19   Schatz may of course present evidence in a summary judgment motion to show that these

20   factors preclude his treating plaintiff in the future, or simply that he agrees not to do so, but the

21   injunctive relief request cannot be dismissed at this stage given the limited scope of a Rule

22   12(b)(6) motion.

23   **C.      PLAINTIFF'S REQUESTS**

24          Plaintiff has filed a motion for appointment of counsel, and in his opposition to Schatz's

25   motion he has renewed his request to have another inmate file papers on his behalf.

26          There is no constitutional right to counsel in a civil case.  *Lassiter v. Dep't of Social*

27   *Services*, 452 U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district court only the power to

28

"request" that counsel represent a litigant who is proceeding in forma pauperis, not the power to "appoint" counsel. 28 U.S.C. § 1915(e)(1). Plaintiff is capable of presenting his claims effectively, and the issues, at least at this stage, are not complex. The motion will be denied.

Plaintiff's request to have another inmate, Mr. Simpson, proceed and file papers on his behalf has already been denied, and he has presented no grounds for reconsidering that ruling. It is noted that Mr. Simpson signed and filed the opposition to Schatz's motion to dismiss on behalf of plaintiff despite the denial of the motion seeking leave for Mr. Simpson to proceed for plaintiff. Any future papers that plaintiff wishes to be considered in this case must be signed and filed by plaintiff. Papers signed or filed by Mr. Simpson or any other inmate on behalf of plaintiff will not be considered.

**CONCLUSION**

1. Defendants' motions to dismiss and plaintiff's motions for appointment of counsel and to have another inmate proceed on his behalf are **DENIED**.

2. Defendants **shall** file an answer to the complaint in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case, the court orders as follows:

a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

c. Defendants **shall** file a reply brief no later than **14 days** after the date of

United States District Court

For the Northern District of California

6

1   service of the opposition.

2          d.  The motion shall be deemed submitted as of the date the reply brief is due.

3   No hearing will be held on the motion unless the court so orders at a later date.

4          IT IS SO ORDERED.

5

6   Dated: February ___24___, 2015.

        WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.